Docket No. 14-CV-5267 (ILG) (CLP)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BRIAN DANIELS,

                              Plaintiff,

- against -

NEW YORK CITY, POLICE OFFICER JOHN DOE 1 and POLICE OFFICER JOHN DOE 2, individually, and in their capacity as members of the New York City Police Department,

                              Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CITY OF NEW YORK'S MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. (12)(b)(6)**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y.  10007*

Of Counsel: David Cooper
Tel:  (212) 356-3535
Matter No.: 2014-033716

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

STATEMENT OF FACTS ................................................................................................... 1

STANDARD OF LAW.......................................................................................................... 2

ARGUMENT

    POINT I

        THE COMPLAINT STATES NO BASIS FOR
        § 1983 LIABILITY AGAINST THE CITY OF
        NEW YORK ........................................................................................... 3

        A.  Plaintiff states no basis for a false arrest
            claim because probable cause existed to
            arrest him. ............................................................................... 3

CONCLUSION...................................................................................................................... 7

## TABLE OF AUTHORITIES

**Cases**                                                                                                           **Pages**

Ashcroft v. Iqbal,
   556 U.S. 662 (2009) .................................................................................................. 2

Atwater v. City of Lago Vista,
   532 U.S. 318 (2001) .................................................................................................. 5

Bell Atlantic Corp. v. Twombly,
   550 U.S. 544 (2007) .................................................................................................. 2

Caldarola v. Calabrese,
   298 F.3d 156 (2d Cir. 2002) ..................................................................................... 4

City of Los Angeles v. Heller,
   475 U.S. 796 (1986) .................................................................................................. 3

Daniels v. City of New York,
   No. 03 Civ. 0809 (GEL), 2003 U.S. Dist. LEXIS 19765 (S.D.N.Y. Nov. 5, 2003) .................. 3

Devenpeck v. Alford,
   543 U.S. 146 (U.S. 2004) .......................................................................................... 5

In re Elevator Antitrust Litigation,
   502 F.3d 47 (2d Cir. 2007) ....................................................................................... 2

Goldstein v. Pataki,
   516 F.3d 50 (2d Cir. 2008) ....................................................................................... 2

Jaegly v. Couch,
   439 F.3d 149 (2d Cir. 2006) ................................................................................. 4, 5

Jenkins v. City of New York,
   478 F.3d 76 (2d Cir. 2007) ....................................................................................... 4

Lawrence v. City Cadillac,
   No. 10 Civ. 3324 (PKC), 2010 U.S. Dist. LEXIS 132761 (S.D.N.Y. Dec. 9, 2010) ................ 6

Mallgren v. New York City,
   No, 13-CV-0724, 2013 U.S. Dist. LEXIS 31495 (E.D.N.Y. Mar. 4, 2013) .............................. 3

Marshall v. City of New York,
   No. 12 Civ. 7128 (DLC), 2014 U.S. Dist. LEXIS 52124 (S.D.N.Y. Apr. 15, 2014) ................ 5

Panetta v. Crowley,
   460 F.3d 388 (2d Cir. 2006) ..................................................................................... 4

**Cases** **Pages**

Pierson v. Ray,
   386 U.S. 547 (1967)...................................................................................................... 4

Posr v. Court Officer Shield,
   No. 207, 180 F.3d 409 (2d Cir. 1999).......................................................................... 4

Singer v. Fulton Cnty. Sheriff,
   63 F.3d 110 (2d Cir. 1995)............................................................................................ 3

United States v. Scopo,
   19 F.3d 777 (2d Cir. 1994)............................................................................................ 5

Whren v. United States,
   517 U.S. 806 (1996)...................................................................................................... 4

Zellner v. Summerlin,
   494 F.3d 344 (2d Cir. 2007).......................................................................................... 5

**Statutes**

42 U.S.C. §1983,............................................................................................................... 1, 3

N.Y. Penal Law § 170.00(3) (McKinney 2014)................................................................ 6

N.Y. Penal Law § 170.20 .................................................................................................... 6

N.Y. Penal Law § 170.20 (McKinney 2014) .................................................................... 6

Fed. R. Civ. P. 8(a)(2) ........................................................................................................ 2

Fed. R. Civ. P. 12(b)(6).................................................................................................. 1, 2, 7

**Treatises**

N.Y. Veh. & Traf. Law § 402(1)(2) (McKinney 2014) ............................................... 5, 6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

BRIAN DANIELS,

                                                                     Plaintiff,

                       -against-                                14-CV-5267 (ILG) (CLP)

NEW YORK CITY, POLICE OFFICER JOHN DOE 1 and POLICE OFFICER JOHN DOE 2, individually, and in their capacity as members of the New York City Police Department,

                                                 Defendants.

------------------------------------------------------------------ x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CITY OF NEW YORK'S MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. (12)(b)(6)**

**PRELIMINARY STATEMENT**

Plaintiff Brian Daniels brings this action, pursuant to 42 U.S.C. § 1983, against defendant City of New York ("City") regarding an arrest which allegedly occurred on or around May 21, 2014. Plaintiff alleges that he was falsely arrested by "Police Officer John Doe 1" and "Police Officer John Doe 2." Plaintiff pleads a false arrest claim against the City. The City now moves to dismiss any claims against it pursuant to FED. R. CIV. P. 12(b)(6) on the grounds that plaintiff has not pled anything that would rise to the level of an underlying constitutional violation.

**STATEMENT OF FACTS**

On or about May 5, 2014, plaintiff's license plates were stolen from his taxi. (See Compl., ¶ 12.) After reporting the plates stolen, plaintiff "placed a sheet of paper in the rear of his taxi showing his license plate number and explaining that his license plates had been stolen

and that new plates were being sent from the DMV in Florida." (See Compl., ¶ 15.) On or about May 21, 2014, two police officers approached plaintiff while he was inside his taxi, which was parked outside of his friend's residence. (See Compl., ¶¶ 16-19.) Plaintiff told the two officers that his plates were stolen and "he was waiting for replacement plates from the DMV in Florida." (See Compl., ¶¶ 20.) Plaintiff was arrested, charged with forgery, and held in police custody until May 22, 2014 when he was released without being charged. (See Compl., ¶ 27-30.) Plaintiff now brings a § 1983 claim for false arrest. (See Compl., ¶¶ 35-41.)

## STANDARD OF LAW

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint may be dismissed "for failure of the pleading to state a claim upon which relief can be granted." To survive a motion to dismiss, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Under this standard, a plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id. at 557; see also In re Elevator Antitrust Litig., 502 F.3d 47, 50 (2d Cir. 2007) ("While Twombly does not require heightened fact pleading of specifics, it does require enough facts to nudge plaintiffs' claims across the line from conceivable to plausible.") (internal quotation marks and alteration omitted). The Second Circuit has additionally noted that a plaintiff must "provide grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level." Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir. 2008).

2

## ARGUMENT

### POINT I

### THE COMPLAINT STATES NO BASIS FOR § 1983 LIABILITY AGAINST THE CITY OF NEW YORK

Plaintiff has failed to state a claim against defendant City of New York. Without an underlying constitutional violation, there can be no municipal liability claim against the City. City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986); see also Mallgren v. New York City, No, 13-CV-0724 (MKB), 2013 U.S. Dist. LEXIS 31495, at *12-13 (E.D.N.Y. Mar. 4, 2013); Daniels v. City of New York, No. 03 Civ. 0809 (GEL), 2003 U.S. Dist. LEXIS 19765, at *13 (S.D.N.Y. Nov. 5, 2003) ("Since any municipal claim must be predicated on a false arrest, and the complaint does not state a claim for false arrest, plaintiff has not stated a cause of action for constitutional violations against the City of New York, and that claim too must be dismissed."). Here, the complaint rests on a claim that alleges that individual municipal employees violated plaintiff's constitutional rights. Plaintiff alleges constitutional violations under § 1983 based on false arrest. For the following reasons, the City argues that none of the allegations pled in the complaint suggest that an underlying constitutional violation occurred. Therefore, the City must be dismissed from this action.

**A.   Plaintiff states no basis for a false arrest claim because probable cause existed to arrest him.**

The elements of a claim of false arrest under § 1983 "are substantially the same as the elements of a false arrest claim under New York law." Singer v. Fulton Cnty. Sheriff, 63 F.3d 110, 118 (2d Cir. 1995). Under New York law, the elements of a false arrest claim are: (1) a defendant intended to confine plaintiff; (2) plaintiff was conscious of the confinement; (3) plaintiff did not consent to the confinement; and (4) the confinement was not otherwise

3

privileged. Id. The existence of probable cause is "a complete defense" to a § 1983 false arrest claim. Jenkins v. City of New York, 478 F.3d 76, 84 (2d Cir. 2007)). Probable cause to arrest is present when officers "have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." Posr v. Court Officer Shield No. 207, 180 F.3d 409, 414 (2d Cir. 1999). In assessing probable cause, courts view the "totality of the circumstances" and consider "the facts available to the officer at the time of arrest." Caldarola v. Calabrese, 298 F.3d 156, 162 (2d Cir. 2002).

Probable cause is an objective inquiry, and the subjective beliefs or motivations of the arresting officer are irrelevant. Whren v. United States, 517 U.S. 806, 812-13 (1996). By extension, "a claim for false arrest turns only on whether probable cause existed to arrest a defendant . . . it is not relevant whether probable cause existed with respect to each individual charge, or, indeed, any charge actually invoked by the arresting officer at the time of arrest." Jaegly v. Couch, 439 F.3d 149, 154 (2d Cir. 2006). The existence of probable cause defeats a claim for false arrest even if an arrestee is ultimately revealed to be innocent. Pierson v. Ray, 386 U.S. 547, 555 (1967). Finally, courts have recognized that "[o]nce officers possess facts sufficient to establish probable cause, they are neither required nor allowed to sit as prosecutor, judge or jury. Their function is to apprehend those suspected of wrongdoing, and not to finally determine guilt through a weighing of the evidence." Panetta v. Crowley, 460 F.3d 388, 396 (2d Cir. 2006).

The underlying offense that establishes probable cause to arrest need not be " 'closely related to', [or] based on the same conduct as, the offense identified by the arresting officer." Devenpeck v. Alford, 543 U.S. 146, 153-54 (U.S. 2004). Following Devenpeck, courts

4

have held that "a claim for false arrest turns only on whether probable cause existed to arrest a defendant, and that it is not relevant whether probable cause existed with respect to each individual charge, or, indeed, any charge actually invoked by the arresting officer at the time of arrest." Jaegly, 439 F.3d at 154 (citing Devenpeck v. Alford, 543 U.S. 146 (2004)); see also Zellner v. Summerlin, 494 F.3d 344, 369 (2d Cir. 2007) ("[A]n arrest is not unlawful so long as the officer has knowledge of, or reasonably trustworthy information as to, facts and circumstances sufficient to provide probable cause to believe that the person arrested has committed any crime.").

Here, based on the facts alleged in the Complaint, there was probable cause to arrest plaintiff for either driving without proper license plates or criminal possession of a forged instrument. Under N.Y. VEH. & TRAF. LAW § 402(1)(a):

> No person shall operate, drive or park a motor vehicle on the public highways of this state unless such vehicle shall have a distinctive number assigned to it by the commissioner and *a set of number plates issued by the commissioner* with a number and other identification matter if any . . . *one on the front and one on the rear of such vehicle* . . .

N.Y. VEH. & TRAF. LAW § 402(1)(a) (McKinney 2014) (emphasis added). Two decades ago, the Second Circuit held that the New York Vehicle and Traffic Law and the New York Criminal Procedure Law authorize arrests for traffic infractions. See United States v. Scopo, 19 F.3d 777, 781 (2d Cir. 1994); see also Marshall v. City of New York, No. 12 Civ. 7128 (DLC), 2014 U.S. Dist. LEXIS 52124, at *11 (S.D.N.Y. Apr. 15, 2014) (holding that plaintiff's argument that traffic infractions cannot form the basis of an arrest was foreclosed by Scopo). Additionally, the Supreme Court has affirmed that a person can be arrested even for a minor traffic infraction. See Atwater v. City of Lago Vista, 532 U.S. 318 (2001). ("If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may,

5

without violating the Fourth Amendment, arrest the offender."). Plaintiff admits that he was parked on a public street without plates, and with a sign in the rear window informing observers that he was awaiting plates from the Florida DMV. (See Compl., ¶¶ 12, 16-20.) The police officers therefore had probable cause to arrest plaintiff for violating N.Y. VEH. & TRAF. LAW § 402(1)(a).

Furthermore, probable cause existed to arrest plaintiff for criminal possession of a forged instrument as well. N.Y. PENAL LAW § 170.20 provides that:

> A person is guilty of criminal possession of a forged instrument in the third degree when, with knowledge that it is forged and with intent to defraud, deceive or injure another, he utters or possesses a forged instrument.

N.Y. PENAL LAW § 170.20 (McKinney 2014). An instrument that "contains some matter by way of content or authentication but which requires additional matter in order to render it a complete written instrument" is a forged instrument for purposes of the statute. See N.Y. PENAL LAW § 170.00(3) (McKinney 2014). Additionally, admitted possession of an improper instrument provides probable cause to arrest under § 170.20. See Lawrence v. City Cadillac, No. 10 Civ. 3324 (PKC), 2010 U.S. Dist. LEXIS 132761, at *20-22 (S.D.N.Y. Dec. 9, 2010) (noting that "[e]ven though knowledge is an element of the charged crime, the evidence needed to establish probable cause is different than that needed to warrant a conviction"). Plaintiff stated in the Complaint that he placed the sheet of paper in the rear of his car. (See Compl., ¶ 15.) There are no facts alleged in the Complaint to suggest that this sheet of paper was a "complete written instrument"; as such, based on the facts alleged in the Complaint the officers had probable cause to arrest plaintiff under N.Y. PENAL LAW § 170.20 as well. Therefore, plaintiff fails to state a false arrest claim and the claim against the City must be dismissed.

**CONCLUSION**

For the foregoing reasons, defendant City respectfully requests that the Court grant its motion for dismissal pursuant to FED. R. CIV. P. 12(b)(6) in its entirety, with prejudice, together with such costs, fees, and other and further relief as the Court deems just and proper.

Dated: New York, New York
December 2, 2014

                                                ZACHARY W. CARTER
Corporation Counsel of the City of New York
*Attorney for Defendant City*
100 Church Street, 3rd Floor
New York, New York 10007
(212) 356-3535

By: _____
DAVID COOPER
Assistant Corporation Counsel
Special Federal Litigation Division

To: VIA ECF
Duncan Archie Peterson
Peterson Delle Cave LLP
233 Broadway, Suite 1800
New York, NY 10279