UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

BRIAN DANIELS,

                                PLAINTIFF,

              -AGAINST-                        14-CV-5267 (ILG)(CLP)

NEW YORK CITY, POLICE OFFICER JOHN DOE 1 and
POLICE OFFICER JOHN DOE 2, individually, and in
their capacities as members of the New York City Police
Department,

                                DEFENDANTS.

------------------------------------------------------------------------ x

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

*Respectfully submitted,*

PETERSONDELLECAVE, P.C.

233 Broadway, Suite 1800

New York, New York 10279

(212) 240-9075

*Attorneys for Plaintiff*

Dated: January 30, 2015

# TABLE OF CONTENTS

| | |
|---|---:|
| TABLE OF AUTHORITIES…………………………………………..…………………….. | 3 |
| PRELIMINARY STATEMENT…………………………………………………......…….…….. | 4 |
| STATEMENT OF FACTS……………………………………………………………………..... | 4 |
| STANDARD OF REVIEW……………………………………………………………………... | 6 |
| ARGUMENT…………………………………………………………........................................ | 7 |
|     1. There Was No Probable Cause to Arrest Mr. Daniels For 'Driving Without Proper License Plates' On Account Of Mr. Daniels Being a Non-Resident of New York......... | 8 |
|     2. There Was No Probable Cause to Arrest Mr. Daniels For 'Criminal Possession of a Forged Instrument' Because There Was No Forged Instrument And No Intent To Defraud, Deceive Or Injure Another............................................................................... | 9 |
| CONCLUSION………………………………………………………………………………... | 11 |

# **TABLE OF AUTHORITIES**

**Statutes**
Federal Rules of Civil Procedure, 12(b)(6) …………………………………….....  6
NY CLS Veh & Tr § 402(1)(a)…………………………………………………………..  4
NY CLS Veh & Tr § 250(1)……………………………………………………………..  8
NY Penal Law § 170.20……………………………………………………………….  7
NY Penal Law § 170.00(7)……………………………………………………………  9
NY Penal Law § 170.00(3)……………………………………………………………  10

**Cases**
*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007)*…………..  6
*Cleveland v. Caplaw Enters*, 448 F.3d 518, 521 (2d Cir. 2006)………………………  6
*Iqbal v. Hasty*, 490 F.3d 143, 157……………………………………………………..  6
*Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 563 (2007)………………………………..  6
*Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007)…………………………………..  6
*Savino v. City of New York*, 331 F.3d 63, 75, 2d Cir. 2003)…………………………..  7
*5 Borough Pawn LLC v. Marti*, 753 F. Supp. 2d 186, 192 (S.D.N.Y. 2010)…………  7
*Boyd v. City of New York*, 336 F.3d 72, 75 (2d Cir. 2003)……………………………  7
*Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007)………………….........  7
*Bernard v. United States*, 25 F.3d 98, 102, (2d Cir. 1994)……………………………  7
*People of the state of New York v. Smith*, 44 N.Y. 2d 613, 407 N.Y.S2d 462, 1978….  7
*People v Driscoll*, 56 Misc 2d 220 [Nassau Dist Ct 1968]……………………………  9
*United State v. Scopo*, 19F.3d 777, 781 (2d Cir. 1994)……………………………….  9
*Marshall v. City of New York*, No. 12 Civ. 7128 (DLC), 2014 US Dist LEXIS 52124  9
*Atwater v. City of Lago Vista*, 532 US 318……………………………………………  9
*People v Espinal*, 8 Misc 3d 1014[A], 1014A, 2005 NY Slip Op 51103[U]…………  10
*Lawrence v. City Cadillac* (2010 U.S. Dist. LEXIS 132761, 2010 WL 5174209……  10

# PRELIMINARY STATEMENT

There was no probable cause for Defendants to arrest Plaintiff, Mr. Brian Daniels ("Mr. Daniels). Mr. Daniels did everything a responsible citizen could do after the license plates of his vehicle were stolen – he reported the theft to the local police precinct, he contacted the DMV in Florida (where the vehicle was registered) to arrange for new plates to be issued (which duly arrived shortly after his arrest), he made a temporary license plate (which accurately reflected the information on the stolen license plates) and he displayed the temporary license plate in the rear of his vehicle.

Prior to the arrest, Mr. Daniels showed Defendants his driver's license, his vehicle registration, his insurance documents and the police report relating to his stolen license plates. Defendants were therefore aware that the vehicle was registered in Florida, that the temporary license plate matched his vehicle registration, and that Mr. Daniels was a resident of Florida, meaning NY CLS Veh & Tr § 402(1)(a) did not apply. Yet still they arrested Mr. Daniels, stating "Don't tell us how to do our job!" Mr. Daniels was arrested simply because Defendants took umbrage with the way he explained the situation.

Accordingly, Plaintiff hereby responds to and opposes Defendants' Motion to Dismiss.

# STATEMENT OF FACTS

Plaintiff Mr. Daniels is a resident of Florida and his vehicle was registered in the state of Florida. On or about May 5, 2014, the license plates on Mr. Daniels' vehicle were stolen. Mr. Daniels reported the theft to the 69th Precinct and notified the DMV in Florida, who arranged for new license plates to be sent to Mr. Daniels. Mr. Daniels then placed a temporary license plate in the

4

rear of his vehicle, showing his license plate number and explaining that his license plates had been stolen (annexed as Exhibit A to Affirmation of Duncan Peterson).

On or about May 21, 2014, at approximately 11:30pm, Mr. Daniels was in his vehicle outside of his friend's residence at 1356 East 55th Street in Brooklyn. Mr. Daniels was parked with the engine turned off. A police car pulled up beside Mr. Daniels and Defendants PO John Doe 1 and PO John Doe 2 exited the car and approached Mr. Daniels' side window. Mr. Daniels explained to the officers that his license plates had been stolen and that he was waiting for temporary plates from the DMV in Florida. Mr. Daniels showed the officers his driver's license (annexed as Exhibit B to Affirmation of Duncan Peterson), vehicle registration (annexed as Exhibit C to Affirmation of Duncan Peterson), insurance documents and the police report from the 69th precinct relating to the stolen license plates (annexed as Exhibit D to Affirmation of Duncan Peterson).

PO John Doe 1 stated that Mr. Daniels had forged plates. PO John Doe 1 told Mr. Daniels to get out of his vehicle and handcuffed Mr. Daniels behind his back. Mr. Daniels asked the officers to check their system and to check with the 69th precinct to confirm that his license plates had been stolen. The officers refused Mr. Daniels' request and told Mr. Daniels, in sum and substance, "don't tell us how to do our job!" Mr. Daniels was taken to the 63rd precinct where he was processed and held on a felony charge of forgery. Mr. Daniels was held in a cell at the 63rd precinct for several hours before being transferred to Central Bookings, from where he was released without charge. Mr. Daniels' license plates arrived from Florida shortly after the incident.

# **STANDARD OF REVIEW**

Defendants move this Court to dismiss Plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In analyzing a motion to dismiss, the Court accepts as true the factual allegations set forth in the complaint and draws all reasonable inferences in favor of the plaintiff (See *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007); See also *Cleveland v. Caplaw Enters*, 448 F.3d 518, 521 (2d Cir. 2006)). The plaintiff need only satisfy "a flexible plausibility standard" of pleading *(*See *Iqbal v. Hasty*, 490 F.3d 143, 157 (2d Cir. 2007) (internal quotation marks omitted)). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint" (See *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 563 (2007)). As a result, the complaint is not required to state "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face" (*Id*. at 570).

With respect to matters outside of the complaint, the Second Circuit has explained that "the district court is normally required to look only to the allegations on the face of the complaint" (See *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007)). This is because "a motion for dismissal pursuant to Rule 12(b)(6) is not an occasion for the court to make findings of fact." Id. (citations omitted). The court, however, may consider "[d]ocuments that are attached to the complaint or incorporated in it by reference." Id.

# ARGUMENT

Defendants argue that they had probable cause to arrest Mr. Daniels for either 'driving without proper license plates' or 'criminal possession of a forged instrument'. This is not the case.

To state a claim for false arrest, a plaintiff must show that "(1) the defendant intended to confine [him], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged" (See *Savino v. City of New York*, 331 F.3d 63, 75, 2d Cir. 2003) (alterations in original).

It is important to note that in analyzing § 1983 claims for unconstitutional false arrest, federal courts look to the law of the state in which the arrest occurred, rather than federal law (See *5 Borough Pawn, LLC v. Marti*, 753 F. Supp. 2d 186, 192 (S.D.N.Y. 2010) (citing *Davis v. Rodriguez*, 364 F.3d 424, 433 (2d Cir. 2004)); see also *Boyd v. City of New York*, 336 F.3d 72, 75 (2d Cir. 2003) (noting that a § 1983 claim for false arrest based upon the Fourth Amendment is ''substantially the same''' as a false arrest claim under New York law (quoting *Hygh v. Jacobs*, 961 F.2d 359, 366 (2d Cir. 1992))), *see also, e.g., Jenkins v. City of New York,* 478 F. 3d 76, 84 (2d Cir. 2007).

The existence of probable cause for an arrest is a complete defence to a false arrest claim (See *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994), citation omitted). It is well settled that "probable cause exists where the facts and circumstances within the officer's knowledge and of which he had reasonable trustworthy information are sufficient in themselves to warrant a person of reasonable caution in the belief that an offense has been or is being committed" (See *People of the state of New York v. Smith*, 44 N.Y. 2d 613, 407 N.Y.S2d 462, 1978).

1. **There Was No Probable Cause to Arrest Mr. Daniels For 'Driving Without Proper License Plates' On Account Of Him Being a Non-Resident of New York**

Defendants had no probable cause to arrest Mr. Daniels for 'driving without proper license plates, in violation of NY CLS Veh & Tr § 402(1)(a), as Mr. Daniels was a non-resident of New York and NY CLS Veh & Tr § 402(1)(a) does not apply to non-residents.

NY CLS Veh & Tr § 402(1)(a) provides that "No person shall operate, drive or park a motor vehicle on the public highways of this state unless such vehicle shall have a distinctive number assigned to it by the commissioner and a set of number plates issued by the commissioner with a number and other identification matter if any, corresponding to that of the certificate of registration conspicuously displayed, one on the front and one on the rear of such vehicle..."

However, NY CLS Veh & Tr § 250(1) provides that "the provisions of this chapter relative to the registration and equipment of motor vehicles, motorcycles and trailers and the display of registration numbers shall not apply to a motor vehicle, motorcycle or trailer owned by a non-resident of this state."

In this case, Mr. Daniels showed Defendants his driver's license, his vehicle registration and his insurance documents, all of which demonstrated that Mr. Daniels was a non-resident of New York and was a resident in Florida, where the vehicle was registered. Accordingly, NY CLS Veh & Tr § 402(1)(a) was inapplicable to Mr. Daniels. Defendants were aware that Mr. Daniels was a non-resident prior to his arrest, as Mr. Daniels showed his documentation to Defendants before being arrested and, therefore, Defendants had no probable cause to arrest Mr. Daniels for driving

without proper license plates (See *People v Driscoll*, 56 Misc 2d 220 [Nassau Dist Ct 1968], where the criminal complaint was dismissed because defendant was a New Jersey resident and therefore had a valid defense under NY CLS Veh & Tr § 250(1).)

Defendants cite to numerous non-applicable cases holding that an individual can be arrested for even minor traffic infractions (See *United State v. Scopo*, 19F.3d 777, 781 (2d Cir. 1994); *Marshall v. City of New York*, No. 12 Civ. 7128 (DLC), 2014 US Dist. LEXIS 52124; and *Atwater v. City of Lago Vista*, 532 US 318.) This may be so, but it is entirely irrelevant here, as no traffic infraction took place. As discussed above, NY CLS Veh & Tr § 402(1)(a) does not apply to non-residents of New York. Accordingly, Mr. Daniels did not commit any traffic infractions and Defendants had no probable cause for the arrest.

## 2. **There Was No Probable Cause to Arrest Mr. Daniels For 'Criminal Possession of a Forged Instrument' Because There Was No Forged Instrument And No Intent To Defraud, Deceive Or Injure Another**

Defendants had no probable cause to arrest Mr. Daniels for 'criminal possession of a forged instrument' as Mr. Daniels' temporary plate was entirely consistent with his vehicle registration and stolen plates.

Under NY Penal Law § 170.20 "A person is guilty of criminal possession of a forged instrument in the third degree when, with knowledge that it is forged and with intent to defraud, deceive or injure another, he utters or possesses a forged instrument." (NY Penal Law § 170.20).

NY Penal Law § 170.00(7) defines a forged instrument as "a written instrument which has been falsely made, completed or altered." (NY Penal Law § 170.00(7)).

In order to make the charge facially sufficient, the complaint must allege facts establishing that the defendant possessed an instrument that was, in fact, forged; that the defendant had knowledge that the instrument was forged; and that he possessed the instrument with intent to defraud, deceive, or injure another. Where the numbers written on a temporary license plate accurately match and are consistent with the numbers on the original license plate, there is no basis to infer that the defendant intended to defraud or deceive anyone (See *People v Espinal*, 8 Misc 3d 1014[A], 1014A, 2005 NY Slip Op 51103[U], *2-3).

Here, Plaintiff provided to Defendants his vehicle registration, insurance documents and the police report from the 69th precinct relating to his stolen license plates. It was abundantly clear to Defendants, therefore, that the numbers displayed on the temporary plate accurately matched and were consistent with the numbers on the vehicle registration and the stolen plates. As a result, there was no reason to believe that Mr. Daniels intended to defraud, deceive or injure anyone and, thus, no probable cause to arrest him.

Defendants actually misstate the definition of a 'forged instrument', citing NY Penal Law § 170.00(3) and stating that "an instrument that 'contains some matter by way of content or authentication but which requires additional matter in order to render it a complete written instrument' is a forged instrument for purposes of the statute" (See Defendants' Memorandum of Law, p. 6). This is a misstatement, as NY Penal Law § 170.00(3) is actually a definition of an

"incomplete written instrument" and has nothing to do with defining a 'forged instrument'. In fact, the definition of a 'forged instrument' is found in NY Penal Law § 170.00(7), which states: ""Forged instrument" means a written instrument which has been falsely made, completed or altered." The key here is that the instrument must have been <u>falsely</u> made, completed or altered. As discussed above, the information displayed on Mr. Daniels' temporary plate accurately matched the information on his vehicle registration and his stolen plates and, therefore, the required element of falsehood is entirely absent. Indeed, Defendants cite to the case of *Lawrence v. City Cadillac* (2010 U.S. Dist. LEXIS 132761, 2010 WL 5174209 (S.D.N.Y. Dec. 8, 2010)), which actually demonstrates the point precisely. In *Lawrence,* the plaintiff had a temporary plate that did not match his vehicle registration, therefore, the police officers had probable cause to arrest him for possession of a forged instrument. As outlined above, this is not the case with Mr. Daniels, whose temporary plate was entirely consistent with his vehicle registration. Clearly then, Mr. Daniels neither possessed a forged instrument, nor had intention to defraud, deceive or injure anyone. Therefore, there was no probable cause to arrest Mr. Daniels.

## **Conclusion**

For the foregoing reasons, we respectfully request the Court deny Defendants' Motion To Dismiss in its entirety and with prejudice, and grant any other relief that the Court deems just and proper.

**Dated:** January 30, 2015
      New York, New York

                                                Respectfully submitted,
                                                **PETERSON DELLECAVE, LLP**
                                                *Attorneys for Plaintiff*

                                                By:           /s/          
                                                          Duncan Peterson (DP 7367)

233 Broadway, Suite 1800
New York, New York 10279
(212) 240-9075