Docket No. 14-CV-5267 (ILG) (CLP)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BRIAN DANIELS,

                              Plaintiff,

- against -

NEW YORK CITY, POLICE OFFICER JOHN DOE 1 and POLICE OFFICER JOHN DOE 2, individually, and in their capacity as members of the New York City Police Department,

                              Defendants.

**REPLY IN SUPPORT OF DEFENDANT CITY OF NEW YORK'S MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. (12)(b)(6)**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

Of Counsel: David Cooper
Tel: (212) 356-3535
Matter No.: 2014-033716

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT

    POINT I

        N.Y. Veh. & Traf. Law § 250(1) DOES NOT EXEMPT PLAINTIFF FROM COMPLYING WITH NEW YORK'S TRAFFIC LAWS .................................................. 2

    POINT II

        PLAINTIFF OFFERS NOTHING TO REBUT PROBABLE CAUSE FOR HIS ARREST ON THE CRIMINAL POSSESSION OF A FORGED INSTRUMENT CHARGE .......................................................................... 3

        A. People v. Espinal concerns the facial sufficiency of an information—not probable cause—and is therefore inapposite. .................................................. 3

        B. Probable cause—particularly in the context of mens rea—sets a lenient standard for police officers to meet.. ........................................ 4

CONCLUSION ............................................................................................................................ 7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

BRIAN DANIELS,

                                                Plaintiff,

              -against-                             14-CV-5267 (ILG) (CLP)

NEW YORK CITY, POLICE OFFICER JOHN DOE 1 and POLICE OFFICER JOHN DOE 2, individually, and in their capacity as members of the New York City Police Department,

                                              Defendants.

------------------------------------------------------------------ x

## REPLY IN SUPPORT OF DEFENDANT CITY OF NEW YORK'S MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. (12)(b)(6)

### PRELIMINARY STATEMENT

        In his Opposition, plaintiff argues that as an out-of state resident, he is exempt from the requirements of New York's Vehicle and Traffic Law. However, the exempting statute he cites does not apply in this case. Additionally, plaintiff suggests that the arresting officers had no probable cause to arrest him because he had no intent to defraud, deceive or injure anyone. Plaintiff fails to account for the fact that probable cause sets a lenient standard for police officers. Therefore, probable cause existed for his arrest and his false arrest claim fails as a matter of law.

## ARGUMENT

### POINT I

### N.Y. Veh. & Traf. Law § 250(1) DOES NOT EXEMPT PLAINTIFF FROM COMPLYING WITH NEW YORK'S TRAFFIC LAWS

Plaintiff believes that N.Y. Veh. & Traf. Law § 250(1) exempts him from the traffic laws in this state because he is an out-of-state resident. Although he quotes part of the statute in support of this assertion, he leaves out a key part:

> [T]he provisions of this chapter relative to the registration and equipment of motor vehicles . . . and the display of registration numbers shall not apply to a motor vehicle . . . owned by a non-resident of this state, *provided that the owner thereof shall have complied with the provisions of the law of the . . . state . . . relative to registration and equipment of such motor vehicle . . . .*

N.Y. Veh. & Traf. Law § 250(1) (emphasis added). Plaintiff alleges that his van is licensed in Florida. (See Compl., ¶ 11.) Under Florida law, plaintiff would be entitled to temporary tags because he is an out-of-state resident who needed to obtain ownership documents from Florida because his plates were allegedly stolen. See Fla. Stat. § 320.131(1)(g). Notably though, the statute begins by stating in clear terms that it is the Florida Department of Highway Safety and Motor Vehicles that "is authorized and empowered to design, issue, and regulate the use of temporary tags to be designated 'temporary tags' for use" in certain cases. See Fla. Stat. § 320.131(1); see also Fla. Stat. § 320.01(18) (defining "department" as used in the statute as the Department of Highway Safety and Motor Vehicles). Nowhere does the Florida statute allow for private individuals to create their own temporary tags. There is no dispute here that plaintiff had a handwritten sheet of paper—not an officially designed or issued temporary tag from Florida—in place of an actual license plate. Therefore, plaintiff did not even comply with

2

Florida law, and N.Y. VEH. & TRAF. LAW § 250(1) does not exempt him from the rest of the requirements of the Vehicle and Traffic Law.

## POINT II

### PLAINTIFF OFFERS NOTHING TO REBUT PROBABLE CAUSE FOR HIS ARREST ON THE CRIMINAL POSSESSION OF A FORGED INSTRUMENT CHARGE

Plaintiff argues that because the number he wrote on a sheet of paper matched his vehicle registration, it must have been "abundantly clear" to the police officers that he lacked the requisite mens rea for a violation of N.Y. PENAL LAW § 170.20.[1]  However, the case he cites to support this does not apply to the probable cause inquiry.  Moreover, even if plaintiff were right on this point, he ignores the fact that courts must afford great latitude when it comes to determining probable cause for mens rea crimes.  Therefore, he still states no viable false arrest claim against the City and it must be dismissed.

**A.  People v. Espinal concerns the facial sufficiency of an information—not probable cause—and is therefore inapposite.**

As an initial matter, People v. Espinal, 8 Misc. 3d 1014(A), 801 N.Y.S.2d 780 (Crim. Ct. N.Y. Cnty. July 14, 2005)—which plaintiff cites to argue that "[w]here the numbers written on a temporary license plate accurately match and are consistent with the numbers on the

---

[1] As plaintiff notes in his Opposition, defendant City originally stated that "[a]n instrument that 'contains some matter by way of content or authentication but which requires additional matter in order to render it a complete written instrument' is a forged instrument for purposes of the statute" and cited to N.Y. PENAL LAW § 170.00(3).  Upon further reading of the statute, this assertion was made in error.  Defendant should have stated as follows: An "incomplete written instrument, which purports to be an authentic creation of its ostensible maker . . . but which is not . . . because . . . he did not authorize the making . . . thereof" is a forged instrument for the purposes of the statute.  See N.Y. PENAL LAW §§ 170.00(4) and 170.00(7).  However, this alteration does not change the rest of defendant's argument in its Memorandum of Law, nor does it change the fact that the police officers had probable cause to arrest plaintiff for the reasons stated in the Memorandum of Law or herein.

3

original license plate, there is no basis to infer that the defendant intended to defraud or deceive anyone"—does not apply to a probable cause inquiry. Espinal only dealt with the *facial sufficiency* of an information under N.Y. CRIM. PROC. LAW § 100.40(1)(c), whereas the instant matter revolves around whether the police officers had *probable cause* to arrest plaintiff. Facial sufficiency concerns whether an accusatory instrument sets forth the elements of a charged criminal offense, see N.Y. CRIM. PROC. LAW § 100.40(1)(c); see also People v. Canjura, No. 2012-2232 RO CR, 2014 N.Y. Misc. LEXIS 5299, at *4-5 (2d Dep't Nov. 26, 2014), and under New York law it is a jurisdictional issue. See People v. Alejandro, 70 N.Y.2d 133, 139-40 (1987). Therefore, Espinal only addressed whether the information at issue was jurisdictionally defective, not necessarily whether the police had probable cause to arrest the criminal defendant there. Nevertheless, even if Espinal concerned probable cause, it still would not apply here for the reasons set forth below.

**B.     Probable cause—particularly in the context of mens rea—sets a lenient standard for police officers to meet.**

Probable cause sets a low bar for police officers to clear as "its focus is on 'probabilities,' not 'hard certainties.' " See Walczyk v. Rio, 496 F.3d 139, 156 (2d Cir. 2007) (quoting Illinois v. Gates, 462 U.S. 213, 231 (1983)). The standard "does not even require that something be more likely so than not so, the preponderance standard of proof," see Southerland v. City of New York, 681 F.3d 122, 127 (2d Cir. 2012), and it is certainly "well below that for establishing guilt beyond a reasonable doubt . . . ." See Husbands ex rel. Forde v. City of New York, 335 F. App'x 124, 128 (2d Cir. 2009). Instead, the crux of the probable cause inquiry is "whether the facts known by the arresting officer at the time of the arrest objectively provided probable cause to arrest, i.e., it is objective rather than subjective." See Torraco v. Port Auth.,

4

615 F.3d 129, 139 (2d Cir. 2010) (internal citations and quotation marks omitted) (quoting Jaegly v. Couch, 439 F.3d 149, 151 (2d Cir. 2006)).

The Second Circuit has recently noted that, in the context of mens rea, "because the practical restraints on police in the field are greater with respect to ascertaining intent, the latitude accorded to officers considering the probable cause issue in the context of mens rea crimes must be correspondingly great." See Zalaski v. City of Hartford, 723 F.3d 382, 393 (2d Cir. 2013) (collecting cases) (internal alterations and quotation marks omitted) (quoting Cox v. Hainey, 391 F.3d 25, 34 (1st Cir. 2004)); see also id. (noting further that "[a]n assessment of intent frequently depends on circumstantial evidence"). Additionally, "unlike at trial, where circumstantial evidence must support a finding of culpable intent beyond a reasonable doubt, a probable cause determination . . . can be made on substantially less evidence." See id.

N.Y. PENAL LAW § 170.20 defines criminal possession of a forged instrument in the third degree:

> A person is guilty of criminal possession of a forged instrument in the third degree when, with knowledge that it is forged and with intent to defraud, deceive or injure another, he utters or possessed a forged instrument.

N.Y. PENAL LAW § 170.20. The objective facts available to the police officers established probable cause to arrest plaintiff. Although plaintiff contends that the police officers lacked probable cause to arrest him because "there was no reason to believe that [he] intended to defraud, deceive or injure anyone," he must still reckon with the fact that he was driving his van around with no official license plate affixed to it. The only identifying information on the van was a single sheet of paper with the text "FL BHK-D43 LOST PLATE" scrawled on it in what appears to be black marker. These facts alone would warrant a reasonable officer to believe that plaintiff committed a crime.

5

Additionally, this statute has a mens rea requirement which allowed the police officers greater leeway in determining whether plaintiff possessed a forged instrument with intent to defraud, deceive or injure another. Plaintiff erroneously relies on Espinal to support his argument that the number on his makeshift plate—which he insists on calling a "temporary plate"—matched his registration, thus negating the intent requirement of N.Y. PENAL LAW § 170.20. Nevertheless, even if he could do so, such an argument would unduly narrow the scope of the term "defraud, deceive or injure." For example, license plate readers are used by the New York City Police Department ("NYPD") to identify the drivers of passing motor vehicles. See N.Y. STATE DIV. OF CRIMINAL JUSTICE SERVS., *Suggested Guidelines: Operation of License Plate Reader Technology* (2011) (last visited Feb. 10, 2015), available at http://criminaljustice.state.ny.us/ofpa/pdfdocs/finallprguidelines01272011a.pdf. License plate readers rely on Optical Character Recognition technology to identify plates, which uses algorithms to, *inter alia*: (1) find and isolate a license plate; (2) adjust the dimensions of an image to the size of a license plate; (3) locate individual characters on a plate; and (4) check the characters and positions of the plate to identify the state that issued it. See id. at 7. A reasonable officer could easily conclude based on the facts before him that plaintiff's makeshift plate was an attempt to evade one of the NYPD's license plate readers, which would satisfy the intent requirement of N.Y. PENAL LAW § 170.20. Therefore, given that police officers are afforded latitude when it comes to mens rea crimes, probable cause existed to arrest plaintiff and the false arrest claim fails as a matter of law.

**CONCLUSION**

For the foregoing reasons, defendant City respectfully requests that the Court grant its motion for dismissal pursuant to FED. R. CIV. P. 12(b)(6) in its entirety, with prejudice, together with such costs, fees, and other and further relief as the Court deems just and proper.

Dated:   New York, New York
         February 20, 2015

                                        ZACHARY W. CARTER
                                        Corporation Counsel of the City of New York
                                        *Attorney for Defendant City*
                                        100 Church Street, 3rd Floor
                                        New York, New York 10007
                                        (212) 356-3535

By: _____
                                        DAVID COOPER
                                        Assistant Corporation Counsel
                                        Special Federal Litigation Division

To:   VIA ECF
      Duncan Archie Peterson
      Peterson Delle Cave LLP
      233 Broadway, Suite 1800
      New York, NY 10279