UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

BRIAN DANIELS,

                       PLAINTIFF,        **AMENDED COMPLAINT**

      -AGAINST-                                 14-CV-5267

NEW YORK CITY, POLICE OFFICER ANTHONY
TANHUECO and LIEUTENANT VALERY
DRANTYEV, individually, and in their capacity as
members of the New York City Police Department,

                       DEFENDANTS.

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1. This is a civil action in which plaintiff Mr. Brian Daniels ("Mr. Daniels") seeks relief for the violation of his rights secured by 42 USC 1983, the Fourth and Fourteenth Amendments to the United States Constitution.

2. The claims arise from an incident on or about May 21, 2014, in which officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected Mr. Daniels to *inter alia* false arrest.

3. Plaintiff seeks monetary damages (special, compensatory and punitive) against defendants and an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC 1331, 42 USC 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Eastern District of New York in that the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

6. Plaintiff, Mr. Daniels, is a 27-year-old citizen of the United States and at all times here relevant resided at 10015/15 Avenue J, Brooklyn, NY 11236.

7. New York City is a municipal corporation organized under the laws of the State of New York.

8. Police Officer Anthony Tanhueco ("PO Tanhueco") and Lieutenant Valery Drantyev ("Lt. Drantyev"), at all times here relevant were members of the NYPD, and are sued in their individual and professional capacities.

9. At all times mentioned, defendants were acting under color of state law, under color of the statutes, ordinances, regulations, policies, and customs and usages of the City of New York.

## FACTUAL ALLEGATIONS

10. Mr. Daniels is a self-employed taxi driver and lives with his 10-month old daughter.

11. The taxi that Mr. Daniels drives is a 15-person van licensed in Florida.

12. On or about May 5, 2014, the license plates on Mr. Daniels' taxi were stolen.

13. Mr. Daniels reported the theft of his license plates to the 69th Precinct.

14. Mr. Daniels notified the DMV in Florida and they arranged for new license plates to be sent to him in New York.

15. Mr. Daniels placed a sheet of paper in the rear of his taxi showing his license plate number and explaining that his license plates had been stolen and that new plates were being sent from the DMV in Florida.

16. On or about May 21, 2014, at approximately 11:30 pm, Mr. Daniels was in his taxi outside of his friend's residence at 1356 East 55th Street in Brooklyn.

17. Mr. Daniels was parked with the engine turned off.

18. A police car pulled up beside Mr. Daniels.

19. PO Tanhueco and Lt. Drantyev exited the car and approached Mr. Daniels' side window.

20. Mr. Daniels explained to PO Tanhueco and Lt. Drantyev that his license plates had been stolen and that he was waiting for replacement plates from the DMV in Florida.

21. Mr. Daniels showed PO Tanhueco his driver's license, vehicle registration, insurance documents and the police report from the 69th precinct relating to the stolen license plates.

22. Lt. Drantyev stated that Mr. Daniels had forged plates.

23. Lt. Drantyev told Mr. Daniels to get out of his vehicle.

24. Mr. Daniels got out of his vehicle and the officers handcuffed him behind his back.

25. Mr. Daniels asked PO Tanhueco and Lt. Drantyev to check their system and to check with the 69th precinct to confirm that his license plates had been stolen.

26. PO Tanhueco and Lt. Drantyev refused Mr. Daniels' request and told Mr. Daniels, in sum and substance, "don't tell us how to do our job."

27. Mr. Daniels was taken to the 63rd precinct where he was processed and held on a felony charge of forgery.

28. Mr. Daniels was held in a cell at the 63rd precinct for several hours.

29. On or about May 22, 2014, at approximately 8:00am, Mr. Daniels was transported to Central Bookings.

30. Mr. Daniels was held at Central Bookings until approximately 7:30pm, at which point Mr. Daniels was released without charge.

31. Mr. Daniels' license plates arrived from Florida shortly after the incident.

32. Mr. Daniels continues to feel traumatized by the events of May 2014, and is wary and fearful when he sees police officers.

33. Mr. Daniels takes efforts to avoid police officers when in public.

34. Mr. Daniels suffered following the incident and feels fear, embarrassment, humiliation, emotional distress, frustration, anxiety, and loss of liberty.

## FIRST CAUSE OF ACTION

(42 USC 1983 – False Arrest)

35. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

36. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

37. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiff was falsely arrested by defendants.

38. Defendants confined plaintiff.

39. Plaintiff was aware of, and did not consent to, his confinement.

40. The confinement was not privileged.

41. Plaintiff has been damaged as a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

**JURY DEMAND**

42. Plaintiff demands a trial by jury.

WHEREFORE, plaintiff respectfully requests that the court enter a Judgment against defendants together with costs and disbursements as follows:

> In favor of plaintiff in an amount to be determined by a jury, but at least equal or exceeding the jurisdictional limit of this Court for each of plaintiff's causes of action;
>
> Awarding plaintiff punitive damages in an amount to be determined by a jury;
>
> Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action;
>
> And such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         July 31, 2015

                                    By:   _____/s/_____
                                          Malcolm Anderson (MA 4852)
                                          PetersonDelleCave LLP
                                          Attorney for Plaintiff
                                          233 Broadway, Suite 1800
                                          New York, NY 10279
                                          (212) 240-9075

5