UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
BRIAN DANIELS,

        Plaintiff,

  - against -

NEW YORK CITY, et al.,

        Defendants.
---------------------------------------------------------x

**MEMORANDUM & ORDER**

14-CV-5267 (ILG) (CLP)

GLASSER, Senior United States District Judge:

  In a Memorandum and Order ("M&O") dated July 30th, 2015 (Dkt. No. 17), familiarity with which is assumed, this Court denied New York City's motion to dismiss plaintiff's complaint alleging false arrest. Pending before the Court is the City's motion seeking reconsideration of that denial.

  Although the phrase "familiarity with which is assumed" is almost reflexively stated, the Court will also assume that, in reality, familiarity is neither sought nor achieved, and some background will be gratefully received. Briefly, the plaintiff, licensed to drive in Florida, owned a van which was properly insured and duly registered in that state. On or about May 5th, 2014, plaintiff discovered his license plates had been stolen. He promptly reported the theft to the 69th Precinct of the New York City Police Department and was given an "Incident Information Slip" memorializing his report. He also notified the Florida Motor Vehicle department and requested replacement plates be sent to him. In the interim, he placed a sheet of paper in the rear of his van on which was written his Florida license plate number and the letters "FL" and "LOST PLATE." It is safe to assume that plaintiff was unaware that in doing so, he was substantially complying with 15 N.Y.C.R.R. § 21.2(a).

1

While seated in his parked van at approximately 11:30 p.m. on May 21, 2014, a police car drove up beside him.  Although he attempted to show the officers who approached him the 69th Precinct's acknowledgement of his report of the theft, his Florida driver's license, vehicle registration, and insurance documents, they ignored and rebuffed all of them with "don't tell us how to do our job" and charged him with the felony of possessing "forged plates."  They handcuffed and arrested him, detained him until late in the following day, when he was released without more.  This suit followed.

The City contends it had probable cause to arrest Mr. Daniels, not too vigorously on the preposterously stated ground of forgery, but on the violation of the subsequently revealed Section 402(1)(a) of New York's Vehicle and Traffic Law which makes it unlawful to drive or park a vehicle on a public highway without authorized license plates.  No mention of or suggestion of familiarity with 15 N.Y.C.R.R. § 21.2(a) appears in its motion to dismiss, but having learned of it in the Court's M&O, it clings to it in its motion for reconsideration.  That Regulation provides in part that the temporary plate to be displayed while awaiting replacement of stolen plates should have the words "NEW YORK" and the date of loss in addition to the license plate number written on it.  The City avidly asserts Mr. Daniels's non-compliance with that Regulation.  The plaintiff wrote "FL" for Florida, because the stolen plates were Florida plates.  Had he written "NEW YORK," he might conceivably have been charged with forgery.  The date of loss was not stated because it was not known with certainty when the loss occurred.  Remarkably, Mr. Daniels, a layman, did everything the law and demands of civic responsibility required.  Exquisitely responsive here to the City's assertions are the words of Judge Cardozo, from In re Rouss, 221 N.Y. 81, 91 (1917): "Consequences cannot

2

alter statutes, but may help to fix their meaning.  Statutes must be so construed, if possible, that absurdity and mischief may be avoided."

In a puzzling and gratuitous footnote on page 3 of its Memorandum in Support of its Motion for Reconsideration, the City suggests that 15 N.Y.C.R.R. § 21.2(a) may not apply to out-of-state drivers.  Section 250(1) of the Vehicle and Traffic Law provides that out-of-state drivers in compliance with the laws of their vehicle's state of registration regarding license plates are not subject to New York's laws concerning the same.  Ironically, the City seeks shelter from liability by imputing obviously questionable knowledge to the officers at the time of Section 402 of the Vehicle and Traffic Law, as charging him with forgery would suggest, but failing to also impute to them knowledge of Section 250 of that law.  It would be as unreasonable to do so as it would be "to require that police officers be familiar with the equipment requirement laws of every state . . . ."  People v. Estrella, 851 N.Y.S.2d 793, 795 (App. Div.), aff'd mem., 10 N.Y.3d 945 (2008).

An objectively cold view of the facts compels the conclusion that the officers had no knowledge of any relevant, trustworthy information to support the belief of a reasonably cautious person that plaintiff committed an offense.  On the contrary, they consciously avoided the information Mr. Daniels earnestly tried to provide and which a reasonable person would have accepted if possessed of an iota of concern about the lawfulness of the arrest he was seemingly intent upon making.

The City's motion to reconsider is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
August 31, 2015

/s/
I. Leo Glasser
Senior United States District Judge